

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884CV02691

Verjouhie Boyajian , PLAINTIFF(S),

v.

Steve Goldaper , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Steve Goldaper . (Defendant's name)

<u>You are being sued.</u>  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  <u>**You must respond to this lawsuit in writing within 20 days.**</u> If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court, 3 Pemberton Sq. (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 63 Atlantic Ave Boston, MA 02110

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT

---

VERJOUHIE BOYAJIAN                  )          CASE NO.
                                    )
    Plaintiff                   )
                                    )
v.                                  )
                                    )
                                    )
BROOKS BROTHERS GROUP, INC.,        )
STEVE GOLDAPER, CLAUDIO DEL VECCHIO )
                                    )
    Defendants                  )
                                    )
                                    )

---

RECEIVED

AUG 27 2018

SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

## COMPLAINT
### (with jury demand endorsed hereon)

Now comes Plaintiff, **VERJOUHIE BOYAJIAN**, by and through undersigned counsel, and for her complaint against Defendants states and avers as follows:

### NATURE OF THE ACTION

1.    By way of this action the Plaintiff seeks damages against Defendants for the purposeful and intentional non-payment of wages and overtime in violation of M.G.L. c. 149 §§ 148 and 150, M.G.L. c. 151 § 1A and common law.

### THE PARTIES

2.    At all relevant times Plaintiff Verjouhie Boyajian (hereinafter "Plaintiff") was an "employee" as defined in M.G.L. c. 149, § 148 and M.G.L. c. 151, §1A of Defendant Brooks

Brothers Group, Inc. (hereinafter "Brooks Brothers"). At all relevant times Plaintiff was domiciled at 13 Brennan Ave., Waltham, MA.

3.      At all relevant times Defendant Brooks Brothers was an "employer" as defined by M.G.L. c. 149, § 148 and M.G.L. c. 151 § 1A and maintained and maintains its principal office at 100 Phoenix Ave., Enfield, CT 06082.

4.      At all relevant times Defendant Steve Goldaper (hereinafter "Goldaper") was the treasurer of Brooks Brothers and an officer and/or agent of Brooks Brothers having the management of Brooks Brothers as defined by M.G.L. c. 149, § 148 and therefore deemed by law to be the "employer" of Plaintiff for the purposes of liability under M.G.L. c. 149, § 148 and M.G.L. c. 149, § 150.  Defendant Goldaper maintains his business address at 100 Phoenix Ave, Enfield, CT 06082.

5.      At all relevant times Defendant Claudio Del Vecchio (hereinafter "Del Vecchio") was the Chief Executive Officer of Brooks Brothers and an officer and/or agent of Brooks Brothers having the management of Brooks Brothers as defined by M.G.L. c. 149, § 148 and therefore deemed by law to be the "employer" of Plaintiff for the purposes of liability under M.G.L. c. 149, § 148 and M.G.L. c. 149, § 150.  Defendant Del Vecchio maintains his business address at 346 Madison Avenue, New York, NY 10017.

## STATEMENT OF OPERATIVE FACTS

6.      Plaintiff was employed by Brooks Brothers from January, 2008 until and including November 18, 2016 in the position of Alternations Shop Manager at the Brooks Brothers location at 42 Newbury Street, Boston, Massachusetts.

7.     As of September 29, 2013, Plaintiff was to be compensated at the rate of $36.06 per hour. A copy of the Brooks Brothers Job Data Worksheet is attached herewith as Exhibit "A" and incorporated by reference.

8.     During the course of her employment with Brooks Brothers, Plaintiff routinely worked more than 40 hours per week as Plaintiff would arrive for work Monday-Friday at between 7:30 AM and 8:00 AM and leave after 5:30 PM.  Plaintiff would also work on certain Saturdays.

9.     Brooks Brothers paid Plaintiff weekly and during the time period from September 29, 2013 until November 18, 2016, Brooks Brothers did not pay her more than 40 hours in any pay period and did not compensate her for working overtime or on Saturdays.   Additionally, Brooks Brothers did, however, occasionally pay her for less than 40 hours per week.

10.    As of the time of her termination on November 18, 2016, Plaintiff was owed unpaid hourly and overtime wages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00).

11.    Since the time of her aforementioned termination, Defendants purposely and willfully refused to pay Plaintiff the above referenced unpaid hourly wages and overtime wages.

### COUNT I
### (Violation of M.G.L. c. 149, §§ 148, 150)
### (as Against All Defendants)

12.    Plaintiff incorporates the averments contained in paragraphs one (1) through eleven (11) of the Complaint as if fully rewritten hereunder.

13.    Plaintiff states that Defendants have purposely and intentionally failed to pay Plaintiff her wages, in accordance with M.G.L. c. 149, § 148.

14.    Plaintiff has filed a complaint with the Massachusetts Attorney General's Office alleging violations of M.G.L. c. 149, § 148 and more than 90 days have passed since the filing of this

complaint.  Plaintiff reserved permission to pursue a private right of action from the Attorney
General by letter of December 14, 2017.  A true copy of this letter is attached herewith as Exhibit
"B".

## COUNT II
### (Violation of M.G.L. c. 151, § 1A)
### (As against Defendant Brooks Brothers Only)

15.     Plaintiff incorporates the averments contained in paragraphs one (1) through fourteen
(14) of the Complaint as if fully rewritten hereunder.

16.     In accordance with M.G.L. c. 151, § 1A, Brooks Brothers was required to pay Plaintiff
compensation for her employment in excess of forty hours per week at a rate not less than one
and one - half times the regular rate at which she was employed.

17.     Brooks Brothers purposely and intentionally violated its duty under M.G.L. c. 151, § 1A
by failing to pay Plaintiff any sum for the overtime that she worked.

## COUNT III
### (Breach of Contract)
### (As Against Defendant Brooks Brothers Only)

18.     Plaintiff incorporates the averments contained in paragraphs one (1) through seventeen
(17) of the Complaint as if fully rewritten hereunder.

19.     Brooks Brothers made promises and commitments regarding the terms and conditions of
Plaintiff's employment, including the payment of Plaintiff at the rate of $36.06 per hour and for
overtime in accordance with Massachusetts Law.

20.     In exchange for the aforesaid payment, Plaintiff agreed to provide labor and services to
Brooks Brothers as outlined above.

21.     Plaintiff fully performed under her agreement with Brooks Brothers.

22.     Brooks Brothers breached its agreement with Plaintiff by failing to fully and completely compensate Plaintiff as set forth above.

23.     As a direct and proximate result of Brooks Brother's breach of contract, Plaintiff has suffered damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00).

**COUNT IV**
**(Quantum Meruit/Unjust Enrichment)**
**(As Against Defendant Brooks Brothers Only)**

24.     Plaintiff incorporates the averments contained in paragraphs one (1) through twenty-three (23) as if fully rewritten hereunder.

25.     Plaintiff performed valuable labor and services for Brooks Brothers.

26.     Plaintiff's services were accepted, used and enjoyed by Brooks Brothers.

27.     Brooks Brothers reasonably expected to compensate Plaintiff for such services in the form of payment at the rate of $36.06 per hour and overtime in accordance with Massachusetts Law.

28.     Plaintiff had a reasonable expectation of receiving payment at the rate of $36.06 per hour and overtime in the amount of $54.09 per hour.

29.     Brooks Brothers failed to pay Plaintiff at the aforesaid rates for her labor and service.

30.     Brooks Brothers has been unjustly enriched in an amount exceeding Seventy-Five Thousand Dollars by, inter alia, receiving the aforementioned labor and services without compensating Plaintiff in full at her hourly rate and overtime rate.

**WHEREFORE,** Plaintiff demands a judgment as follows:

A.      That judgment be entered on Count I in favor of Plaintiff and against Defendants, jointly and severally, for general and special damages, including treble damages in accordance with M.G.L. c. 149, § 150.

B.      That judgment be entered on Count II in favor of Plaintiff and against Defendants Brooks

Brothers for general and special damages, including treble damages in accordance with M.G.L.

c. 151, § 1A.

C.      For compensatory damages in an amount exceeding Seventy-Five Thousand Dollars

($75,000.00).

C.      For attorney fees and the costs of this action.

D.      For such further and additional relief as Plaintiff is entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.**

VERJOUHIE BOYAJIAN
by her Attorney

RICHARD B. REILING BBO#: 629203
DENNIS BOTTONE BBO#: 541816
BOTTONE | REILING
63 Atlantic Ave., 3rd Floor
Boston, MA 02110
Phone:     617-412-4291
Facsimile: 617-412-4406
Attorneys for Plaintiff

6

# EXHIBIT "A"

## BROOKS BROTHERS JOB DATA WORKSHEET

Name: Vera Boyajian          Store #   6070   AIN # 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

### Effective Date:   09/29/13

1 Action Requested

X  Promotion (Sections 2, 3, 5, & 6)          X  Location (Sections 2, 3, 4, & 6)
_____ Demotion (Sections 2, 3, 5, & 6)              _____ Status Change (Sections 2, 3, & 6)
_____ Equity (Sections 2, 3, 5, & 6)                 _____ Temporary Assignment (Sections 2, 3, 5, & 6)
                                                     _____ Other

| 2 | CURRENT | Job Change | NEW |
|---|---|---|---|

Title   Master Tailor                          Title  Alteration Shop Manager

Job Code   MASTLC                              Job code   ALTMGA ✓

| 3 | CURRENT | Status Change (Check One) | NEW |
|---|---|---|---|

Salaried _____        30+ hrs/wkly   X       Salaried   x          30+ hrs/wkly _____
                    *Hourly*                                     *Hourly*
Contingent _____   *Status* 20-29.9 hrs/wkly _____   Contingent _____   *Status* 20-29.9 hrs/wkly _____
                           less than 20 hrs/wkly _____                            less than 20 hrs/wkly _____
                           Standard Hours _____                                    Standard Hours _____

| 4 | CURRENT | Location Change | NEW |
|---|---|---|---|

| Store # | Union | Non Union | Commission Location # | Store # | Union | Non Union | Commission Location # |
|---|---|---|---|---|---|---|---|
| 6070 | | X | | 6004 ✓ | | x | |

| 5 | | Salary Actions | |
|---|---|---|---|

**Promo**  Current Pay Rate $  32.02   + Increase Amount $ _____   = New Pay Rate $ _____

**Demo**  Current Pay Rate $ _____  - Decrease Amount $ _____   = New Pay Rate $ _____

**Equity**  Current Pay Rate   $32.02   + Increase Amount $  4.04   = New Pay Rate $  36.06

Temporary Assignment Dates                    Temporary Assignment Pay

Start Date _____   End Date _____          _____ or Other $ _____

**Other**  Current Pay Rate $ _____  + Increase Amount $ _____  = New Pay Rate $ _____

PROCESSED
OCT 03 2013
PAYROLL DEPT. 10

6 Approvals

| Harold L. Harris IV | 09/29/13 | John J. Frallicciardi | Date 10/3/13 |
|---|---|---|---|
| First Level | Date | Second Level | |

**People Services Department Only**

Job Description Match:   15%    2.5 - 5

Benchmark Salary Range: $ 63250   $ 98433   $ 126500
                          Min        Mid        Max

Approved by: _____          Date: _____

*Please fax this form to the People Services Department at (860)741-6285 or (860)741-3171
or send electronically to PeopleServices@Retailbrandalliance.com*

Revised 8/09

C:\Users\ddecaro\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\S1CNO12O\JobDataVeraB092913-1.doc

# EXHIBIT "B"



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

Attorney Richard B. Reiling
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110

December 14, 2017

RE:   Verjouhie Boyajian
      Request for Private Right of Action against Brooks Brothers Group

Dear Attorney Reiling:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private civil lawsuit. If you elect to sue in civil court, you may bring an action on your own or your clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465

**2**

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF   SUFFOLK | DOCKET NO.   18-2691A |
|---|---|---|

**PLAINTIFF(S) VERJOUHIE BOYAJIAN**

**DEFENDANT(S) BROOKS BROTHERS GROUP, INC.**
**STEVE GOLDAPER AND CLAUDIO DEL**
**VECCHIO**

| Plaintiff Atty | Richard B. Reiling, Esq. | Type Defendant's Attorney Name | |
|---|---|---|---|
| Address | 63 Atlantic Ave 3rd FL | Defendant Atty | |
| | | Address | |
| City | Boston   State MA   Zip Code 02110 | City   State   Zip Code | |
| Tel. | 6174124291   BBO# 629203 | | |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.          TYPE OF ACTION (specify)          TRACK                    IS THIS A JURY CASE?

**A99 Other (specify ) - Fast Track   Massachusetts Wage Act**          ◉ ] Yes   ○ ] No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
*(Attach additional sheets as necessary)*

A.   Documented medical expenses to date:
    1.   Total hospital expenses                                                $
    2.   Total doctor expenses                                                 $
    3.   Total chiropractic expenses                                           $
    4.   Total physical therapy expenses                                       $
    5.   Total other expenses (describe)                                       $
                                  Subtotal   $
B.   Documented lost wages and compensation to date                          $
C.   Documented property damages to date                                     $
D.   Reasonably anticipated future medical expenses                          $
E.   Reasonably anticipated lost wages and compensation to date              $
F.   Other documented items of damages (describe)
                                    $

G.   Brief description of plaintiff=s injury, including nature and extent of injury (describe)

                                  Total $

**CONTRACT CLAIMS**
*(Attach additional sheets as necessary)*

Provide a detailed description of claim(s):

Violations of Massachusetts Wage Act; M.G.L. c. 151, Section 1A; commonlaw

                                TOTAL   $75,000.00 +

**PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT**

N/A

A hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.@

Signature of Attorney of Record _____          Date: 8/20/18

A.O.S.C. 3-2007